# SUPREME COURT.

FRANCIS J. KELLOGG, respondent agt. ORRIN VOLLENTINE, appellant.

In an action of *trespass upon lands,* if the parties fail to show a paper title, or a title by continued possession of twenty years under claim of title adverse in its character, they must have recourse to the rights acquired by *possession alone.* Under such circumstances the *first or oldest possession prevails.*

Kellogg agt. Vollentine.

Where, on a failure of proof of title, a portion of the evidence showed that the plaintiff claimed to recover for trespasses upon lands in possession of the defendant, for which he was not entitled to recover, and a portion tended to show trespasses by the defendant upon lands in the occupation of the plaintiff, of which the defendant nor his grantor never had any possession, and for which the plaintiff was entitled to recover,

*Held* that the judgment for the plaintiff would not be disturbed, presuming that the recovery was wholly based upon the possession of the plaintiff, were it not that the referee had erroneously found that the plaintiff acquired *title to the whole premises,* which appeared to have a material, if not a controling, effect upon the judgment. Judgment reversed and new trial ordered.

*Eighth Judicial District, Erie General Term, May,* 1861. MARVIN, P. J., GROVER, DAVIS and HOYT, *Justices.*

APPEAL from judgment entered upon report of a referee.

An action was commenced by plaintiff against the defendant in a justice's court, to recover damages for trespass alleged to have been committed by the defendant in breaking and entering the close of the plaintiff, situate in the town of Hartland, Niagara county, cutting and carrying away timber, and destroying the grass, &c., &c., with cattle. The defendant interposed a plea of title in himself to the *locus in quo,* and gave the undertaking required by statute; whereupon the action before the justice was discontinued, and within the time fixed by the statute this action was brought in this court.

The pleadings in this action were, in substance, the same as before the justice. After issue was joined, the cause, by consent of parties, was, by an order of the court, referred to a sole referee, to hear and determine. Upon the trial, before the referee, the plaintiff gave in evidence a quit-claim deed of fifty acres of land, embracing the premises in question, to Jane Wood, dated February 12, 1859, and acknowledged the same day, from Levi B. Warner and wife; also a contract from Jane Wood to the plaintiff, dated March 26, 1859, agreeing to sell the same premises to the plaintiff upon terms therein expressed, except two acres, giving the plaintiff the right of possession. The plaintiff gave evidence tending to show that he was in possession of that portion

of the premises where the trespasses were committed, and their commission by the defendant.

The defendant gave in evidence a quit-claim deed from James Sharp to himself, dated February 21, 1856, of twenty-five acres of land, parcel of the fifty acres conveyed to Jane Wood by Warner; and gave evidence tending to show that he had been in possession of said twenty-five acres for about ten years; that he entered into possession under a contract to purchase from Sharp, and so continued until he paid for the same, and received the said deed from Sharp, after which he continued in possession under said deed; and, also, that the alleged trespasses were committed upon the twenty-five acres. Evidence was given by the plaintiff tending to show that Noah W. Wood had for six or seven years been in possession of a part of the fifty acres; and, as I understand the evidence, of a part of the twenty-five acres.

The plaintiff offered in evidence a comptroller's deed, dated December 13, 1856, to Levi B. Warner, conveying to him the said fifty acres, reciting that the same was sold in Albany in November, 1853, for non-payment of taxes, and that a notice to redeem had been served upon Noah W. Wood, as occupant, July 2d, 1857. The defendant's counsel objected to the evidence upon various grounds, and the objection was sustained.

The defendant's counsel moved to strike out from the evidence the deed from Warner to Jane Wood upon various grounds; which motion was denied, and defendant's counsel excepted. A similar motion was made by the defendant in relation to the contract from Jane Wood to the plaintiff, which was denied, and defendant excepted.

The referee, among others, found the following facts: That the deed executed by Warner and wife to Jane Wood, covering the lands in question, was and is a valid deed of conveyance, and conveyed the fee of said lands to Jane Wood; also, that the contract from Jane Wood to plaintiff

was and is a valid contract, and conveyed the fee of said lands to the plaintiff; also, that during the years 1859 and 1860, the plaintiff was seized in fee and lawfully possessed of said lands and premises under and by virtue of said deed from said Warner to said Jane Wood, and the said contract from Jane Wood to the plaintiff; and thence hitherto has remained, and now is, so seized and possessed; also, that Warner was not at the time of the execution of the deed, and never had been, in possession of said lands. To these and other findings of the referee, except the one last above, the defendant duly excepted.

The referee decided that the plaintiff was entitled to recover two dollars and fifty cents damages, together with costs. Judgment was entered in accordance therewith and the defendant appeals therefrom to this court.

JAMESON & ENSIGN, *for respondent.*
GEO. W. COTHRAN, *for appellant.*

I. The referee decided correctly, in holding that the deed from the comptroller to Warner, was void. It is essential to the validity of a comptroller's deed for lands sold for unpaid taxes when such lands are actually occupied, that a written notice to redeem the same be served upon the occupant. (1 *R. S.,* 935, § 104, *5th ed.*)

And where there are more than one occupant, notice to redeem must be served upon each. (*Comstock* agt. *Beardsley,* 15 *Wend.,* 348; *Smith* agt. *Sanger,* 3 *Barb. S. C. R.,* 360; *Jackson* agt. *Esty,* 7 *Wend.,* 150.)

Where there are several occupants, as in this case, and notice is only served upon one, the comptroller's deed is not only void, as to the parties not served, but it is wholly and absolutely void. (*Leland* agt. *Bennett,* 5 *Hill,* 286; *Bush* agt. *Davison,* 16 *Wend.,* 554; *Bank of Utica* agt. *Mersereau,* 3 *Barb. Ch.,* 530.)

II. The referee erred in refusing to strike out the deed

from Warner to Jane Wood, and in holding " that said deed was and is a valid deed of conveyance, and conveyed the fee of said land to said Jane Wood."

The deed was inoperative and void :

1st. Because the grantor's title having failed, it follows that he could convey "no greater estate or interest than the grantor himself possessed at the delivery of the deed." (3 *R. S.*, 30, § 163, 5*th ed.*; *Sage* agt. *Cartwright*, 5 *Seld.*, 49.)

2d. At the time of the delivery of the deed the defendant was "in the actual possession of said lands claiming under a title adverse to that of the grantor." (3 *R. S.*, 30, § 167.)

III. The referee erred in denying the motion to strike out the contract for said lands from Jane Wood to the plaintiff, and in determining that it " was and is a valid contract and conveyed the fee of said lands to the plaintiff."

The plaintiff occupied said premises *solely* under this contract. Jane Wood acquired no title nor interest in said lands from Warner—his title having failed—and consequently the plaintiff took nothing by his contract. (3 *R. S.*, 30, § 163.)

IV. The referee erred in overruling the defendant's objections to the admission of said contract in evidence.

It was clearly incompetent. Its execution was not acknowledged; and no proof of its ever having been executed by the parties whose names are appended to it, was given.

V. The referee erred in refusing to grant a non-suit when asked by the defendant.

The plaintiff showed no right to recover. He possessed neither title nor the right of possession to any part of the land in question. If he was in possession of any part of said land, he was a trespasser himself. But the referee erred in finding that he was possessed of said land. The evidence is that he " occupied it," but how, or in what manner does not appear.

By the court, Grover, Justice. Neither party showed a paper title. The plaintiff proved a conveyance by quit claim deed of the premises in question to Jane Wood, made in 1859, from Warner and wife. No title whatever was shown in Warner, at the time of the conveyance, consequently none was shown in Jane Wood under that deed. The plaintiff also introduced in evidence a contract from Jane Wood to himself for the sale of the premises by her to him which contained a clause giving him the right of possession of the premises. This contract is not available to show title in the plaintiff, because none was shown in Jane Wood. The most that this could avail the plaintiff is to show the extent of the claim made by him, and a constructive possession, perhaps, of that portion of the premises not actually occupied by any one, he having taken actual possession of a portion thereof.

The plaintiff also gave evidence tending to show that he was in the actual possession of a portion of the premises embraced in the contract and where the alleged trespasses were committed; and also of the commission of the trespasses by the defendant. This was sufficient, *prima facie*, to maintain the action. Actual possession is sufficient evidence of title against a party not showing a better title.

The defendant proved a quit-claim deed from James Sharp to him for twenty-five acres, parcel of the premises embraced in the contract from Jane Wood to the plaintiff made in 1856; and gave evidence tending to prove that he went into the actual possession of a portion thereof about ten years previous to the trial, and used the residue for obtaining fire-wood, &c., under a contract to purchase the same from James Sharp, and continued so in possession until he paid for the land and obtained the deed, after which he continued under the deed. He also gave evidence tending to show that Sharp had been in possession of a portion of the said premises for several years prior to the contract of sale to the defendant. This failed to establish

a paper title in the defendant, for the reason that none but a possessory title was shown in Sharp.

The parties thus failing to show a paper title or a title by a continued possession of twenty years under claim of title adverse in its character must have recourse to the rights acquired by possession alone. Under such circumstances the first or oldest possession prevails.

Proof of possession alone unexplained raises a presumption of ownership, and is sufficient to maintain an action to recover damages against a party entering upon land or to recover possession in case a better title is not shown by the defendant, but if the defendant shows the oldest possession to have been in him or his grantor, then of course the title thus shown is the better, and must prevail in the absence of other proof.

Apply the principle to this case as I understand the evidence, the defendant proved possession in himself and his grantor prior to that of the plaintiff or Jane Wood.

The plaintiff in no manner connects himself with the title of Noah W. Wood, and can derive no aid from that. The evidence is not entirely clear as to the extent of his possession, but I do not understand that it embraced any portion of the land claimed by the defendant. Nor is the evidence clear as to the precise portion of the premises upon which the trespass was committed for which the plaintiff recovered; nor does the finding of the referee show it.

A portion of the evidence shows that the plaintiff claimed to recover for trespasses upon lands in possession of the defendant, and a portion tends to show trespasses by the defendant upon lands in the occupation of the plaintiff of which the defendant nor his grantor, Sharp, never had any possession. For the former the plaintiff was not entitled to recover. He was for the latter.

Under these facts I should not be inclined to disturb the judgment presuming that the recovery was wholly based upon the latter, but for the finding of the referee that the

plaintiff acquired title to the whole premises under his contract from Jane Wood, and the deed from Warner to her. This finding was erroneous, as no title, except as above stated was shown by these papers. This finding, if correct would warrant a recovery against the defendant for an entry upon any portion of the premises, although the plaintiff and those under whom he claimed were never in possession until after the possession of the defendant and his grantor. For aught I can see, this finding had a material if not controlling effect upon the judgment. For this reason the judgment must be reversed.

The question as to the admissibility of the comptroller's deed to Warner is not presented by the case. I shall not therefore, discuss it further than to remark that I think it was, under the facts of the case, correctly decided by the referee. It clearly had no effect upon the title of the defendant.

Upon another trial, if no further evidence of title is given the parties will be able to show the extent of their respective possessions, and the character thereof fully, and if a recovery is had by the plaintiff it will appear that the same is wholly based upon trespasses committed by the defendant upon such portions of the premises as the plaintiff or those under whom he claims has had possession prior to that of the defendant or those under whom he claims.

I say nothing as to the exception to the ruling of the referee refusing to strike out from the evidence the deed from Warner and wife to Jane Wood. That deed was wholly immaterial, and it made no difference to the defendant whether it was in or out of the case. The reception of evidence wholly immaterial, and that can in no view prejudice the party objecting, is not ground of exception.

Judgment reversed, new trial ordered, costs to abide the event.